IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MIRANDA WILT, individually and as guardian of minors A.W. and R.W., § § § | |
| Plaintiff, § § | |
| v. § | Case No. 6:24-cv-375-JDK-KNM |
| § § | |
| WHITEHOUSE INDEPENDENT SCHOOL DISTRICT, § § § § | |
| Defendant. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Miranda Wilt, proceeding pro se, initiated this lawsuit on behalf of herself and her minor children, A.W. and R.W., alleging that Defendant Whitehouse Independent School District neglected and abused her children, harassed Plaintiff, and denied her access to information relating to her children. Docket No. 1. Plaintiff asserts claims for violations of the Americans with Disabilities Act ("ADA"), Individuals with Disability Education Act ("IDEA"), and 42 U.S.C. § 1983, among other federal statutes. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

I.

Before the Court is Defendant's motion to dismiss. Docket No. 9. On July 22, 2025, Judge Mitchell issued a Report recommending that the Court grant-in-part and deny-in-part Defendant's motion to dismiss. Docket. No. 16. Specifically, Judge

Mitchell recommended that all of Plaintiff's claims be dismissed except her ADA claim. *Id.* at 20. Defendant timely objected. Docket No. 18.

Where a party timely objects to the Report, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## II.

Here, Defendant moved to dismiss Plaintiff's ADA claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Docket No. 9. Defendant argued that Plaintiff was required to exhaust the IDEA's administrative procedures before filing suit because her ADA claim seeks relief that is also available under IDEA. *Id.* at 3. Relying on recent guidance from the Supreme Court, Judge Mitchell concluded that Plaintiff's ADA claim is not subject to IDEA's administrative exhaustion requirement. Docket No. 16 at 9 ("Plaintiff's ADA claim is therefore not subject to the IDEA's administrative exhaustion requirement" since Plaintiff seeks compensatory damages.). Judge Mitchell therefore recommended denying Defendant's motion to dismiss with respect to the ADA claim. *Id.*

In Defendant's objection, it now argues Plaintiff's ADA claim should be dismissed for failure to state a claim. Docket No. 18 at 3. Defendant, however, does not challenge Judge Mitchell's conclusion that Plaintiff's ADA claim is not subject to the IDEA's administrative exhaustion requirement. Defendant's only objection is

2

that Plaintiff failed to adequately allege an ADA claim. *Id.* Specifically, Defendant asserts that "intentional discrimination" is an element of an ADA claim and that "intentional discrimination is a step further than deliberate indifference." *Id.* Because Judge Mitchell recommended dismissing Plaintiff's § 1983 claim for inadequately alleging deliberate indifference, Defendant contends that Plaintiff necessarily failed to state a claim under the ADA. *Id.* Defendant therefore argues Plaintiff could not meet the higher standard of intentional discrimination. *Id.* Thus, according to Defendant, Plaintiff's ADA claim should also be dismissed.

Defendant's argument, however, is waived. The Fifth Circuit makes clear that a party forfeits its legal argument "by raising it for the first time in [its] objection" to the Report. *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018). At no point in its motion to dismiss did Defendant argue that Plaintiff's ADA claim should be dismissed for failure to state a claim: instead, Defendant's sole argument was that the Court lacks jurisdiction. Docket Nos. 9; 11; *see also* Docket No. 9 at 8–9. And although the ADA's intentional discrimination standard is central to Defendant's objection, the phrase "intentional discrimination" is nowhere in Defendant's motion to dismiss or reply. *See* Docket Nos. 9; 11. While this argument is waived at this stage, it may be appropriate for a future dispositive motion.

Having reviewed the record in this case, Judge Mitchell's Report, and Defendant's objections de novo, the Court has determined that the Report is correct, and Defendant's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 16) as the opinion of the

Court.  It is therefore **ORDERED** that Defendant's motion to dismiss is **DENIED** as to Plaintiff's ADA claims.  The Court further **ORDERS** that Plaintiff's claims, other than her ADA claim, are **DISMISSED** without prejudice.

So **ORDERED** and **SIGNED** this **25th** day of **August, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE